**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY**

| | |
|---|---|
| DONALD STEVENS, | Civil Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF** |
| FIRST HEALTH GROUP CORP. | |
| Defendant. | **JURY TRIAL DEMANDED** |

TO:   FIRST HEALTH GROUP CORP.

A lawsuit has been commenced against you in the above-entitled Court by the Plaintiff. Plaintiff's claim is stated in the Complaint served with this Summons. In order to defend against his lawsuit, you must respond to the Complaint by filing an Answer stating your defense in writing and serving a copy to the Petitioner within 20 days after the service of this Summons, excluding the day of service. If you served outside the state, you will have 60 days after service of this Summons. A default judgment may be entered against you without notice.

Dated: April 24, 2019

Respectfully submitted,

SUMMONS - 1 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Michael Brubaker*

---

Michael C. Brubaker, WSBA# 49804
Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

SUMMONS - 2 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| DONALD STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST HEALTH GROUP CORP.<br><br>Defendant. | Civil Case No.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff brings this action against Defendant First Health Group Corp. (hereinafter "First Health") for First Health's negligent and/or knowing and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and for First Health, Inc.'s violations of Washington Telecommunications and Consumer Protection Law, RCW 80.36.400 and RCW 19.86.

## JURISDICTION

2. The Court has jurisdiction over these TCPA claims pursuant to 47 U.S.C. § 227(b)(3)(A) and these Washington Consumer Protection claims under RCW 4.12.020.

COMPLAINT - 1 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

3. Jurisdiction in this Court is proper pursuant to 47 U.S.C. § 227(b)(3)(A), because at it is a valid court under RCW 4.12.020. Jurisdiction in this Court is proper pursuant to RCW 4.12.020, because King County is the county in which the cause of action arose.

## PARTIES

4. Donald Stevens is a natural person and a resident of Kirkland, Washington.

5. Mr. Stevens has never had a business relationship with First Health and never consented to be contacted by First Health on his cellular telephone or by any other means.

6. First Health is, and, at all times relevant to this action, a corporation headquartered at 3200 Highland Ave, Downers Grove, IL 60515.

7. First Health is a health care network referral agency which refers nationwide clients to itself through the use of an automated telephone dialing system which masks its identity or another company which uses such an automated telephone dialing system.

## ALLEGATIONS OF FACT

7. During the last year, First Health and/or its agents, employees, and/or contractors, negligently or knowingly and willfully placed at least 120 automated calls to Plaintiff's cellular telephone in violation of the TCPA.

8. Through the TCPA, Congress recognized that auto-dialed and pre-recorded commercial telephone communications, including calls for the purpose of commercial solicitation, encroach significantly on individual privacy and impose unwarranted costs on individuals.

COMPLAINT - 2 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

9. By subjecting Plaintiff to unauthorized, auto-dialed calls over a sustained period of time, First Health has abused Plaintiff's privacy rights and has violated the TCPA.

10. As part of its referral network, First Health uses or contracts with others to use automated dialing systems to contact unsuspecting consumers - including Plaintiff - who have no relationship with First Health, with automated calls.

12. Plaintiff believes that certain of First Health's uniform practices and policies with respect to its automated dialing practice are responsible for tens of thousands, or more, First Health of the TCPA by First Health. As a result of the foregoing, Plaintiff, seeks to hold Defendant accountable for its rampant TCPA violations and seeks relief for himself for First Health's TCPA violations caused by its wrongful conduct alleged below.

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA")

13. Automatic telephone dialing systems, or auto-dialers (or "ATDS"), are responsible for countless annoying, intrusive, and sometimes costly telephone calls transmitted each day to consumers who have never conducted business with the caller, no longer conduct business with the caller, or have not agreed to receive calls to particular telephone lines, including cellular telephone lines, from the caller. Depending on the frequency with which a consumer receives them, these calls can be minor inconveniences or substantial irritations, approaching harassment.

14. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

15. By enacting the TCPA, Congress recognized the violation of consumer privacy interests that occurs each time a caller uses an auto-dialer to contact a consumer with whom it has no existing business relationship, or from whom the caller has not secured adequate consent

COMPLAINT - 3 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

to transmit calls. Periodically since 1991, the Federal Communications Commission ("FCC"), which is charged with developing regulations implementing the TCPA, has issued rules expanding the scope of consumer protections offered by the statute in order to reflect and counteract the increasing aggressiveness and persistence with which marketers, scam artists, collection agencies, and others have employed auto-dialing technologies.

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

17. As of October 16, 2013, the TCPA requires callers using auto-dialers or artificial or prerecorded voice messages to obtain prior express written consent for commercial calls to cellular telephone lines, including SMS or text messaging calls. Prior express written consent is also required, as of October 16, 2013, for calls made to residential telephone lines using an artificial or prerecorded voice message.

18. Through the TCPA, Congress and the FCC have imposed a simple requirement upon persons making commercial telephone communications: call the telephone number without autodialing equipment and without an artificial or prerecorded voice messages, unless and until the consent of the call recipient to receive auto-dialed or artificial and prerecorded voice calls is secured.

19. In or around January 2019, First Health or its agents, employees, or contractors began placing calls to Plaintiff's cellular telephone number, 206-XXX-6196.

COMPLAINT - 4 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

20. First Health and its agents, employees, affiliates, or contractors used a different phone numbers at different times. The caller identification number of First Health's calls were often times very similar, for example, one phone call would come from 267-371-5237 and the next would be from 267-371-5237.

21. When answering First Health's calls, Plaintiff heard voice recordings an identical message every time.

22. Defendant First Health's ATDS, its employees, agents, or contractors initiated more than 105 such calls to Plaintiff's cellular telephone number between January 2019 and the filing of this complaint.

23. Defendant's ATDS continue to dial Plaintiff's cellular telephone and to this day have not stopped.

24. In placing unlawful auto-dialed calls to Plaintiff's cellular telephone, First Health may have acted on its own behalf or may have contracted another company.

25. First Health and its agents, employees, affiliates, or contractors employ ATDS technologies that meet the definition set forth in 47 U.S.C. § 227(a)(1), and used their ATDS systems to make each of the aforementioned calls to Plaintiff on his cellular telephone.

26. First Health's calls to Plaintiff's cellular telephone were not for "emergency purposes"; rather, they were commercial solicitation calls concerning First Health's health care network.

27. On information and belief, Plaintiff alleges that First Health is knowledgeable concerning the TCPA's restrictions on auto-dialing and use of automated or prerecorded voice messages in calls made to cellular telephone lines.

COMPLAINT - 5 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

28. Plaintiff alleges that more than once in twelve months, First Health, its agents, employees and/or contractors called him as part of a commercial solicitation practice concerning business unrelated to Plaintiff. Plaintiff alleges further that First Health endant knew that the policies, procedures, and practices through which that commercial solicitation practice was conducted included the transmission of auto-dialed calls or calls using automated or prerecorded voice messages.

29. Plaintiff alleges that First Health knew that its practices and/or calling campaigns included the transmission of such calls to cellular telephone lines.

## CLAIMS FOR RELIEF

### COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, et seq.

30. Plaintiff repeats and realleges Paragraphs 1-29 of this Complaint and incorporates them herein by reference.

31. First Health negligently placed automated calls and/or calls employing automated or prerecorded voice messages to a telephone number assigned to a cellular telephone belonging to Plaintiff.

32. Each of the aforementioned calls by First Health constitutes a negligent violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system or any automated or prerecorded voice message to any telephone number assigned to a cellular telephone without the prior express consent of the call recipient.

COMPLAINT - 6 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

33. As a result of First Health's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call made to him in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

34. Additionally, Plaintiff seeks injunctive relief prohibiting such conduct by First Health in the future.

## COUNT II - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, et seq.

35. Plaintiff repeats and realleges Paragraphs 1-34 of this Complaint and incorporates them herein by reference.

36. First Health knowingly and/or willfully placed the automated calls and/or calls employing automated or prerecorded voice messages described herein, which resulted in First Health or its agents, employees, or contractors contacting a cellular telephone belonging to Plaintiff.

37. Each of the aforementioned calls by First Health constitutes a knowing and/or willful violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system or any automated or prerecorded voice message to any telephone number assigned to a cellular telephone without the prior express consent of the call recipient.

38. As a result of First Health's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each call made to them in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

39. Plaintiff also seeks an award of attorneys' fees and costs of suit.

COMPLAINT - 7 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

40. Additionally, Plaintiff seeks injunctive relief prohibiting such conduct by First Health in the future.

## COUNT III - VIOLATIONS OF WASHINGTON CONSUMER PROTECTION LAW R.C.W. § 19.86

41. Plaintiff repeats and realleges Paragraphs 1-40 of this Complaint and incorporates them herein by reference.

42. Washington law provides that, "No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state." RCW 80.36.400.

43. Washington law further provides that, "A violation of this section is a violation of chapter 19.86 RCW. It shall be presumed that damages to the recipient of commercial solicitations made using an automatic dialing and announcing device are five hundred dollars." *Id.*

44. As a result, Plaintiff is entitled to, and does seek statutory and actual damages, equitable relief, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against First Health:

(a) A declaration that First Health violated the TCPA;

(b) A declaration that First Health violated Washington Consumer Protection Law;

COMPLAINT - 8 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

(c) Injunctive relief prohibiting violations of the TCPA and Washington Consumer Protection Law by First Health in the future;

(d) Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

(e) Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

(f) Pre- and post-judgment interest on any monetary award, as permitted by law;

(g) An award of attorneys' fees and costs of suit to counsel for Plaintiff; and

(h) Such other relief as the Court deems just and proper.

COMPLAINT - 9 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 24, 2019

Respectfully submitted,

*[signature]*

Michael C. Brubaker, WSBA# 49804
Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com

COMPLAINT - 10 of 10

Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746
michael@brubakerlawgroup.com